UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CURTIS EVANS,

    Plaintiff,                    CIVIL ACTION NO. 14-CV-13517

vs.                               DISTRICT JUDGE PAUL D. BORMAN

                                   MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff William Evans seeks judicial review of Defendant the Commissioner of Society Security's determination that he is not entitled to Social Security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 13). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

### I.    Recommendation

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 11) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 13) be GRANTED.

### II.    Procedural History

1

Plaintiff filed an application for Disability Insurance Benefits with a protective filing date of January 26, 2012, alleging that he had been disabled since December 28, 2007, due to pain related to an ankle fracture, Barrett's esophagus, hypertension, depression, and headaches. (*See* TR 15, 17.) The Social Security Administration denied benefits. (*See* TR 15.) Plaintiff requested a *de novo* hearing, which was held on May 9, 2013, before Administrative Law Judge (ALJ) Gregory Holiday, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy. (TR 15-25.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

### III.  Plaintiff's Testimony, Medical Evidence, and Vocational Expert Testimony

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues and his testimony. (*See* docket no. 11 at 8-9, 12). Defendant (docket no. 13 at 4-6) and the ALJ (TR 17-22) set out a detailed factual recitation with regard to Plaintiff's medical record, Plaintiff's hearing testimony, and the VE's testimony. There are no material inconsistencies between Plaintiff's statements and the accounts of the record set forth by Defendant and the ALJ; therefore, the undersigned will incorporate these factual recitations by reference. Additionally, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

### IV.  Administrative Law Judge's Determination

The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2013; that he had not engaged in substantial gainful activity since December 28,

2007, his alleged onset date; and that he suffered from severe obesity, left ankle fracture with fusion and hardware, left leg fracture with hardware, Barrett's esophagus, hypertension, and adjustment disorder with depressed mood. (TR 16-17.) The ALJ also found that Plaintiff's history of migraine headaches, while reflected in the record, did not have more than a minimal effect on his ability to do basic work activities. (TR 17.) The ALJ then found that his impairments did not meet or equal those listed in the Listing of Impairments. (TR 17-19.) The ALJ found, however, that Plaintiff's allegations regarding the extent of his symptoms were not wholly credible and that Plaintiff could perform light work with the following additional limitations:

> [T]he claimant is limited to no climbing of ropes or scaffolds; on more than brief (up to 10% of the work day) crouching or crawling; no more than occasional climbing of ramps or stairs or crawling; and no more than frequent balancing or stooping. The claimant is limited to no more than rare (up to 5% of the workday) operation of foot controls with the left lower extremity. The claimant cannot walk on unlevel surfaces. The claimant is limited to no more than occasional overhead reaching and handling. The claimant requires a sit/stand option where he is allowed to alternate between sitting and standing up to 4 times per hour. The claimant is limited to simple, routine tasks. The claimant is further limited to no more than occasional interaction with the public and coworkers.

(TR 19-23.)

The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing work at the light level, including that of a hand packager or a small products assembler. (TR 24-25.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act from December 28, 2007, through the date of his decision. (TR 27.)

**V.     Law and Analysis**

   **A.     Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's

final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B.   Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

    (1)    Plaintiff was not presently engaged in substantial gainful employment; and

    (2)    Plaintiff suffered from a severe impairment; and

    (3)    the impairment met or was medically equal to a "listed impairment;" or

    (4)    Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

    **C.**    **Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the

pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff's arguments are not entirely clear as his Statements of Questions Presented, his argument headings, and his arguments themselves do not match up. (*Compare* docket no. 11 at 8, *with* docket no. 11 at 12, 19, *with* docket no. 11 at 12-24.) It appears, however, that Plaintiff asserts that this matter should be reversed or remanded for the following reasons: (1) the ALJ's decision includes several factual errors; (2) the ALJ's determination that Plaintiff can perform light work is in error; (3) Plaintiff should have been found disabled under the Medical Vocational Guidelines (the GRID); and (4) the ALJ's hypothetical questions to the VE were incomplete.[1] (Docket on. 11 at 12-24.)

### 1. Factual Errors

Plaintiff first asserts that the ALJ erred when he found that (1) Plaintiff had "not been under a disability . . . from December 28, 2007 through the date of [his] decision" when Plaintiff had previously been found disabled for a closed period from December 28, 2007 through January 27, 2009; and (2) plaintiff was 40 years old when, in fact, Plaintiff was 50 years old at the time of the decision. (Docket no. 11 at 13.) While Plaintiff's statements are accurate, both of these errors are harmless. The ALJ acknowledged that Plaintiff had previously been found disabled through January 27, 2009. (TR 14.) And his finding that Plaintiff was not disabled at any time from his alleged onset date through the hearing decision necessarily implies that he was also not disabled

---

[1] Plaintiff also notes in one heading that the ALJ did not properly address his credibility. (Docket no. 11 at 12.) Plaintiff, however, does not develop this argument.

from January 27, 2009, through the date of the decision. And to the extent that the ALJ erroneously considered Plaintiff's age to be 40 years old instead of 50,[2] Plaintiff has alleged no harm caused directly through this error. Instead, Plaintiff appears to rely on her correct age for an application of the GRIDs, which, as Defendant notes, "hinges on an assumption that the ALJ's RFC was inaccurate." (*See* docket no. 13 at 5 n.1.) And as discussed below, Plaintiff's argument in that regard fails.

### 2. The ALJ's RFC Determination and use of the GRIDs.

Next, Plaintiff asserts that the ALJ erred in finding that Plaintiff could perform light work. Instead, Plaintiff argues, the ALJ should have found that he was unable to stand or walk for a total of six hours in an eight-hour workday, which would have resulted in a determination that he could only perform sedentary work. (Docket no. 11 at 14-15.) But Plaintiff does not provide any insight into how he believes the ALJ erred. Instead, his arguments are based on a general reading of the evidence related to his ankle injury.

When discussing Plaintiff's ankle, the ALJ specifically considered all of the evidence to which Plaintiff cites. (*See* TR 19-21.) The ALJ acknowledged Plaintiff's testimony but noted, in relevant part, that Plaintiff was able to lift 25 pounds, mowed his lawn with a riding mower, performed minor household repairs, and drove minimally. (TR 20.) He further noted that after Plaintiff's 2009 ankle surgery, he was doing "quite well," and that follow-up appointments with Dr. Allan Grant, Plaintiff's orthopedic surgeon, show no pain with range of motion and no tenderness to palpation; Dr. Grant believed that Plaintiff's pain was due to painful retained hardware. (TR 20.) And while Plaintiff's foot and ankle specialist, Dr. Ali El-Khalil, found

---

[2] It is unclear whether the ALJ's finding was an analytical error or a typographical error as the ALJ did note Plaintiff's correct birthday in the same sentence.

arthritic changes in his left ankle and lower extremity, Plaintiff did not follow up as directed after his August 12, 2012 appointment. (TR 20-21.) Ultimately, the ALJ found that while Plaintiff had some limitations related to his left ankle, he was "still able to use it and ambulate[d] well[,] . . . and his gait was stable with only a 'slight' limp." (TR 23.) Therefore, the ALJ found that Plaintiff was capable of performing light work.

While, again, Plaintiff's statements are accurate, nothing in Plaintiff's argument gives the Court a basis for rejecting the ALJ's well-reasoned opinion. At most, Plaintiff has shown that the ALJ's decision fell within a zone of choice. And while there is evidence to support Plaintiff's assertions, there is also substantial evidence supporting the ALJ's conclusion. Therefore, Plaintiff's motion should be denied with regard to this issue.

As discussed above, Plaintiff also asserts that GRID Rule 201.14 should apply because Plaintiff is 50 years old. But as Plaintiff states, this rule is only applicable if Plaintiff were limited to sedentary work. (*See* docket no. 11 at 17.) And because the ALJ did not err in finding Plaintiff capable of performing light work, Plaintiff's GRID argument also fails.

### 3. The ALJ's Questions to the VE

Plaintiff challenges the ALJ's hypothetical questions to the VE because the ALJ "failed to include any mention of the plaintiff's need to elevate his leg during the day" or any questions related to "plaintiff's limited ability to withstand stress and pressure associated with day to day activities." (Docket no. 11 at 19-20.) Additionally, Plaintiff asserts that the ALJ erred when he did not "inform the court or a reviewing body about the plaintiff's ability to do tasks on a sustained basis" and did not "provide . . . insight into the amount of supervision required by the plaintiff or what amount of interaction he could tolerate from supervisors." (*Id.* at 21.) But the ALJ is only

required to incorporate in a claimant's RFC (and the hypothetical questions to the VE) those limitations that the ALJ finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ included in Plaintiff's RFC those limitations that the ALJ found credible. Thus, in substance, Plaintiff's assertion that the RFC is inaccurate is merely a collateral attack on the ALJ's interpretation of the evidence, which is addressed by Plaintiff's primary argument. Therefore, Plaintiff's argument fails.

## VI.  Conclusion

For the reasons stated herein, Plaintiff's Motion for Summary Judgment [11] should be DENIED and Defendant's Motion for Summary Judgment [13] should be GRANTED.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 25, 2015       s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated: June 25, 2015       s/ Lisa C. Bartlett
                           Case Manager