

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CURTIS EVANS,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

Case No. 14-13517

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

## OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 15); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 14); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11); (4) GRANTING DEFENDANT'S AMENDED MOTION FOR SUMMARY JUDGMENT (ECF NO. 13); AND (5) DISMISSING THE CASE

On June 25, 2015, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation addressing the outstanding motions in this action. (ECF No. 14). In the Report and Recommendation, the Magistrate Judge suggests that this Court deny Plaintiff William Curtis Evans' Motion for Summary Judgment (ECF No. 11). Further, the Magistrate Judge recommends that this Court grant Defendant Commissioner of Social Security's Amended Motion for Summary Judgment (ECF No. 13).

Now before the Court is Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 15, Objections.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. 636(b)(1), the Court will deny Plaintiff's Objections, adopt the Magistrate Judge's Report and Recommendation, deny Plaintiff's motion for summary judgment, and grant

the Defendant's motion for summary judgment.

## I. BACKGROUND

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the ALJ's decision and the parties' motions for summary judgment. The Magistrate Judge held, and the Court agrees, that there are no material inconsistencies with these accounts and the Court incorporates those factual recitations here. (ECF No. 14, Report and Recommendation at 2-3; ECF No. 13, at 1-4; ECF No. 11, at 8-9, 12; TR, 17-22.)

Briefly, Plaintiff had previously been found disabled and entitled to disability insurance benefits for a closed time period from December 28, 2007 through January 27, 2009. (Tr. 14.) On January 16, 2012, Plaintiff filed for disability insurance benefits and alleged a disability onset date of December 28, 2007 due to an ankle fracture, Barrett's esophagus, hypertension, depression, and headaches. (Tr. 15, 63.) Plaintiff's application was denied and he requested a hearing before an ALJ. (Tr. 15, 78-88, 110-11.) The hearing was held on May 9, 2013, before ALJ Gregory Holiday; Plaintiff was represented by counsel, and a Vocational Expert ("VE") testified at the hearing. (Tr. 29-72.)

On June 3, 2013, the ALJ issued a written decision finding that Plaintiff was not disabled. (Tr. 11-28.) The ALJ concluded in his decision that Plaintiff suffered from the severe impairments of obesity, left ankle fracture with fusion and hardware; left leg fracture with hardware; Barrett's esophagus; hypertension; adjustment disorder with depressed mood. (Tr. 17.) The ALJ then determined that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20

C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17-19.)

Plaintiff was born on September 6, 1962 and was fifty years old at the time of the hearing.[1] (Tr. 16.) Plaintiff received a twelfth grade education and had previous worked as an iron worker. (Tr. 16.) In 2007, Plaintiff broke his left ankle and underwent three different surgeries trying to set the fracture, the most recent surgery in 2009. (Tr. 20, 289.)

The ALJ determined that the Plaintiff had the residual functioning capacity ("RFC") to perform:

> light work as defined in 20 CFR 416.967(b) except the claimant is limited to no climbing of ropes or scaffolds; no more than brief (up to 10% of the day) crouching or crawling; no more than occasional climbing of ramps or stairs or crawling; and no more than frequent balancing or stooping. The claimant is limited to no more than rare (up to 5% of the workday) operation of foot controls with the left lower extremity. The claimant cannot walk on unlevel surfaces. The claimant is limited to no more than occasional overhead reaching and handling. The claimant requires a sit/stand option where he is allowed to alternate between sitting and standing up to 4 times per hour. The claimant is limited to simple, routine tasks. The claimant is further limited to no more than occasional interaction with the public and coworkers.

(Tr. 19.) The ALJ concluded that Plaintiff's allegations regarding the extent of his symptoms were not completely credible given the lack of any medical evidence or opinions indicating Plaintiff had limitations greater than those reflected in the RFC and because "objective evidence shows that the claimant is still able to use [his ankle] and ambulates well." (Tr. 23.)

The ALJ then determined that Plaintiff could not perform his past work. However, considering Plaintiff's age, education, work experience, and residual functional capacity, and

---

[1] As the Magistrate Judge noted, the ALJ provided Plaintiff's correct birth date in his decision but incorrectly stated that his age at the time of the hearing was forty-years-old rather than fifty. This inaccuracy appears to be a typographical error because the next sentence correctly sets forth that Plaintiff "was 45 years old on December 28, 2008, the alleged onset date of disability." (Tr. 16.)

3

relying upon the testimony of the VE, the ALJ concluded that Plaintiff was capable of performing the representative occupations such as hand packager and products assembler which exist in significant numbers in the national economy. (Tr. 24-25.) Therefore, the ALJ concluded that Plaintiff was not disabled. (Tr. 25.)

Plaintiff appealed the ALJ's decision. On August 6, 2014, the Appeals Council denied his request for review, and the ALJ's decision became the agency's final decision. (Tr. 1-6.) Thereafter, Plaintiff timely filed the instant federal action seeking judicial review of the Defendant's decision. (ECF No. 1.) Plaintiff filed a Motion for Summary Judgment requesting the Court reverse the decision of the Defendant Commissioner and remand for further hearings or, in the alternative, remand for an award of full benefits pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 11.) Defendant also filed an Amended Motion for Summary Judgment. (ECF No. 13.)

On June 25, 2015, the Magistrate Judge issued a Report and Recommendation which recommended denying Plaintiff's motion summary judgment and granting Defendant's motion for summary judgment. (ECF No. 14.) Thereafter, Plaintiff filed his Objections to the Report and Recommendation and Defendant filed a Response. (ECF Nos. 15, 16.)

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc.*

*Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (1994) ("Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards.").

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to the second inquiry – whether proper legal criteria were followed – a decision of the Commission supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. Indeed, "[i]t is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the

claimant." *Rogers*, 486 F.3d at 247; *see Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (providing that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (citation omitted)).

## III. ANALYSIS

As an initial matter, the Court finds that Plaintiff's objections merely reassert arguments that were submitted and rejected by the Magistrate Judge without any identification of error on the part of the Magistrate Judge. This is improper. Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Here, Plaintiff argues that "the Plaintiff's correct RFC is for the performance of sedentary work rather than light work. It is submitted that the evidence of record contains findings that support the Plaintiff's testimony about his limitations inability to stand and walk, as well as pain symptoms." (ECF No. 15, at 1.) Plaintiff does not identify any errors made by the Magistrate Judge in her analysis of this issue, rather, Plaintiff quotes extensively from his previous

testimony and the medical record and again asserts, without analysis or citation to any case law, that his testimony regarding his "complaints of pain and limitations" were supported by medical evidence and credible. Plaintiff previously made these arguments in his motion for summary judgment and they were rejected by the Magistrate Judge in her report and recommendation. (ECF No. 11, at 7-10; ECF No. 14, at 7-8.) Accordingly, the Court need not address this issue. However, in an effort of completeness the Court finds Plaintiff's argument unavailing for the reasons below.

First, Plaintiff has again failed to "provide any insight into how he believes the ALJ erred." (ECF No. 14, at 7.) Plaintiff's argument consists merely of a recitation of portions of the record and Plaintiff's testimony that lends support to his claims of disability. Yet, Plaintiff has not and cannot dispute that the ALJ acknowledged all of this medical and testimony evidence in his decision. (Tr. 19-21.) The Magistrate Judge was correct in concluding that "Plaintiff's statements are accurate, [but] nothing in Plaintiff's argument gives the Court a basis for rejecting the ALJ's well-reasoned opinion. At most, Plaintiff has shown that the ALJ's decision fell within a zone of choice." (ECF No. 14, at 8.) Indeed, "'[t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion ... This is so because there is a 'zone of choice' within which the Commissioner can act without the fear of court interference.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citation omitted). Therefore, to the extent that Plaintiff has made a cognizable objection regarding ALJ's determination that Plaintiff could perform light work rather than sedentary, the Court finds that it is without merit.

Plaintiff also argues that the ALJ erred in his application of GRID Rule 201.14 because

Plaintiff was fifty-years-old at the time of the decision and should have been limited to sedentary work. However, the Magistrate Judge addressed and rejected this argument based upon the fact that GRID Rule 201.14 only applied if Plaintiff was limited to sedentary work, and here, there was substantial evidence to support the ALJ's determination that Plaintiff could perform light work. (ECF No. 14, at 8.) This reasoning remains sound, as examined above, and Plaintiff has made no showing to the contrary. Accordingly, the Court denies Plaintiff's objection based on the ALJ's failure to apply GRID Rule 204.14.

Plaintiff also appears to make one objection that is directed at the Magistrate Judge, noting that the Magistrate Judge "reported that Dr. Ali El-Khalil found arthritis changes in the Plaintiff's left ankle and lower extremity, Plaintiff did not follow up as directed after August 2012 appointment." (ECF No. 15, at 3.) Plaintiff clarifies that he did not have medical insurance to "undergo additional surgery to his ankle." (*Id.*)

To the extent that Plaintiff is attempting to argue that the ALJ erred in his credibility assessment because he relied on Plaintiff's failure to pursue treatment without crediting the explanation that he had no insurance, the Court finds the argument unpersuasive for a number of reasons. *See* SSR 96-7p, 1996 WL 374186, at *7-8 (July 2, 1996) ("[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide...."). First, Plaintiff failed to raise this argument in his motion for summary judgment. Ordinarily when a Defendant fails to make an argument to the Magistrate Judge, such an argument is waived. *Murr v. United States*, 200 F.3d 895, 902 n .1 (6th Cir. 2000); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001). Further, even if

8

Plaintiff had properly preserved the argument, it would still fail on its merits. Plaintiff did not make any argument or cite any case law to augment his bare observation that Plaintiff did not have medical insurance to pursue another surgery. Moreover, Dr. El-Khalil instructed Plaintiff to return for a follow-up examination, not for further surgery, as was noted by both the ALJ and the Magistrate Judge. (ECF No. 14, at 8; Tr. 21, 265.)

Finally, the ALJ set forth numerous other reasons for discounting Plaintiff's credibility, namely that the medical evidence showed that he could still use his ankle and ambulate well, "no atrophy was noted, and his gait was stable with only a 'slight limp.'" (Tr. 23.) The ALJ also noted that there was a lack of "opinions from treating or examining physicians indicating the claimant is disabled or even has limitations greater than those set forth in this decision's residual functional capacity." (Tr. 23.) Also, the ALJ did not specifically cite Plaintiff's failure to follow up with Dr. El-Khalil as a reason for finding his testimony regarding the extent of his symptoms not credible. (Tr. 22-23.) Therefore, even assuming the ALJ did, in fact, rely improperly upon this fact, Plaintiff cannot show any harm stemming from the reliance. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (adopting a harmless error analysis for credibility determinations).

For all these reasons, the Court will deny Plaintiff's objections.

IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Objections (ECF No. 15), ADOPTS the Report and Recommendation (ECF No. 14), DENIES Plaintiff's Motion for Summary Judgement (ECF No. 11), GRANTS Defendant Commissioner's Amended Motion for Summary Judgment (ECF No. 13) and DISMISSES this action with prejudice.

IT IS SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: JAN 2 9 2016